IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES GREEN, #200072, | ) Civil Action No. 3:10-3162-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| SHERIFF LEON LOTT; AND<br>DEPUTY SHERIFF TOM HODGES, | ) |
| Defendants. | ) |

Plaintiff filed this action on December 13, 2010.[1] He appears to allege that his constitutional rights were violated because he was subjected to excessive force during his arrest on January 17, 2008. On June 10, 2011, Defendants filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on June 14, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response on July 7, 2011.

Defendants have requested that this action be dismissed pursuant to Rules 37 and 41(b), Fed. R. Civ. P., because Plaintiff has willfully failed to participate in discovery. Defendants attempted to take Plaintiff's deposition on June 7, 2011. A few days before, Plaintiff filed a third motion for

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) and (f) DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

appointment of counsel.[2] At the deposition on June 7, 2011, Plaintiff refused to answer any questions or otherwise participate in the deposition process. See Defendants' Ex. D (Deposition Transcript).

Defendants argue that their motion should be granted because Plaintiff is proceeding pro se and in forma pauperis and bears sole responsibility for actions during this litigation; they have been prejudiced by the delay including having to pay deposition expenses and not having been allowed the fair and full opportunity to take Plaintiff's deposition; Plaintiff has drawn out the current litigation by filing a third motion for appointment of counsel despite two previous denials of the same; and there are no other effective sanctions available as Plaintiff is purportedly indigent and he is still unwilling to commit to participate in the discovery process. Plaintiff, in his opposition memorandum, appears to argue that the motion to dismiss should be denied because he is allegedly mentally retarded and has submitted a motion for appointment of counsel in which he argues such. He also appears to attempt to argue the merits of his case.

Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2). Prior to imposing the sanction of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy

---

[2]In previous orders, the undersigned has explained to Plaintiff that the constitutional right to court-appointed counsel for indigent criminal Defendants does not extend to pro se litigants in civil cases, there is not a readily available group of attorneys funded by the government to represent civil litigants, and no statute authorizes payment of an attorney. With his third motion for appointment of counsel, Plaintiff attached copies of what appear to be his medical records which appear to indicate that his IQ test scores are in the low range. There is, however, no indication that the issues in this case are complex. Further, Plaintiff has been able to respond to the motion to dismiss, and has cited case law in both his Complaint and memorandum in opposition to Defendants' motion to dismiss.

of a less drastic sanction. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has emphasized the importance of establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)(court must give the noncomplying party a "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)(stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

  (1) the degree of plaintiff's responsibility in failing to respond;

  (2) the amount of prejudice to the defendant;

  (3) the history of the plaintiff in proceeding in a dilatory manner; and

  (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). In Ballard, the Fourth Circuit found that the Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning. Ballard v. Carlson, 882 F.2d at 95.

Here, dismissal appears to be too harsh a sanction where there was not a failure to obey a specific order and there was no warning that a failure to obey an order of the Court could result in dismissal. Plaintiff's failure to participate in his deposition appears to be in part due to his misunderstanding concerning his right to counsel and his pending motion for appointment of counsel.

Thus, it is recommended that this action not be dismissed at this time. Counsel has now been appointed (pro bono) for Plaintiff for the sole purpose of representing Plaintiff at the taking of his deposition by Defendants. See Doc. 43. Plaintiff shall participate in the taking of his deposition (in accordance with Fed. R. Civ. P. 30) should Defendants attempt to do so again. Plaintiff is specifically warned that failure to fully participate in discovery, including participating in the taking of his deposition, may result in sanctions, including dismissal of this action. See Fed. R. Civ. P. 37 and 41. As Plaintiff has brought this action, he is responsible for prosecuting it. Plaintiff is specifically warned that if he fails to prosecute this action, this action may be dismissed. See Fed. R. Civ. P. 41(b).

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 37) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

December 7, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).